Judgment rendered September 4, 2024.

No. 55,698-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

EMMANUEL DEWAYNE JOHNSON          Appellant

* * * * *

On Rehearing
Originally Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 384,251

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Holli Herrle-Castillo

EMMANUEL DEWAYNE JOHNSON          Pro Se

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

REBECCA A. EDWARDS
SAMUEL S. CRICHTON
CHRISTOPHER BOWMAN
Assistant District Attorneys

* * * * *

Before STONE, COX, STEPHENS, ROBINSON, and ELLENDER, JJ.

ROBINSON, J., concurs with written reasons.

ELLENDER, J., concurs with the majority opinion and with the reasons assigned by J. Robinson.

STEPHENS, J., dissents for reasons set forth in the original opinion.

STONE, J., dissents.

**COX, J.**

We granted a rehearing to reconsider our earlier opinion in this matter. In that opinion, Emmanuel Dewayne Johnson's conviction and sentence were affirmed. *State v. Johnson*, 55,698 (La. App. 2 Cir. 7/17/24), -- So. 3d --. On rehearing, we affirm our earlier opinion.

**AFFIRMED ON REHEARING.**

**ROBINSON, J., concurring.**

I agree with the majority opinion, but write separately to emphasize the fact that the defendant placed himself in the dangerous position that ultimately gave rise to the defendant shooting and killing the victim. Factors to consider in determining whether a defendant had a reasonable belief that the killing was necessary include the excitement and confusion of the situation, the possibility of using force or violence short of killing, and the defendant's knowledge of the assailant's bad character. *State v. Johnson*, 52,762 (La. App. 2 Cir. 8/14/19), 277 So. 3d 1263, *writ denied*, 19-01670 (La. 7/17/20), 298 So. 3d 176. Although there is no unqualified duty to retreat, the possibility of escape is a factor to consider in determining whether a defendant had a reasonable belief that the use of deadly force was necessary to avoid the danger. *State v. Wilkins*, 13-2539 (La. 1/15/14), 131 So. 3d 839.

A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict. La. R.S. 14:21.

Not every act of a defendant will make him or her an aggressor. It is the character of the act coupled with the intent of the defendant that determines whether the defendant is the aggressor. *State v. McGee*, 51,977 (La. App. 2 Cir. 4/3/19), 316 So. 3d 1196, *writ denied*, 19-00761 (La. 11/19/19), 282 So. 3d 1066.

In *State v. McGee*, *supra*, this court upheld McGee's second degree murder conviction despite his claim of self-defense. McGee, who was

1

selling marijuana, shot and killed Mardis, an unarmed buyer. When rejecting McGee's alternative claim that he should have been convicted of the lesser offense of manslaughter, this court stated:

> It is unclear from the record what caused the fight between Mardis and McGee. However, dealing drugs is a rough business fraught with tension, potentially consisting of lawless individuals with erratic behavior. McGee, the illegal seller of marijuana, should have been cognizant of the possibility of a recalcitrant customer such as Mardis.

*Id.*, 51,977 at pp. 15-16, 316 So. 3d at 1206.

We quote the above language for its recognition of the hazards associated with drug transactions. Johnson certainly brought on the difficulty with Goines by returning to Goines' vehicle after purchasing drugs and then engaging in an argument with him about not paying for the drugs. The shooting does not occur if Johnson chooses a different course of conduct upon leaving the store.